UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DOMINIQUE PHILLIPS,

                  Plaintiff,

        v.

THE LONG ISLAND RAILROAD COMPANY,
UNITED TRANSPORTATION UNION –
LOCAL 722, UNITED STATES DISTRICT
COURT – E.D.N.Y.,

                  Defendants.

-----------------------------------------------------------------

MEMORANDUM AND ORDER
21-CV-5679 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Dominique Phillips, appearing *pro se*, brings a wrongful-death claim against defendants Long Island Railroad Company ("LIRR"), United Transportation Union – Local 722 ("UTU"), and the United States District Court for the Eastern District of New York ("EDNY"). For the reasons stated below, this complaint is dismissed with prejudice.

## BACKGROUND

    The following facts come from Mr. Phillips's complaint and the records of the prior judicial proceeding integral to his complaint. The Court assumes as true "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir. 2010), *aff'd,* 569 U.S. 108 (2013).

    Plaintiff began working for LIRR in 2006. Compl. ¶ 2 (Dkt. #1) ("Compl." or "Complaint"). He alleges that over the following six years, LIRR employees harassed him and discriminated against him, and that UTU officials did too little to oppose LIRR's allegedly discriminatory conduct. *Id.* ¶¶ 6-7, 9-10, 16-20.

1

In 2012, LIRR fired Mr. Phillips. *Id.* ¶ 22. The following summer, Mr. Phillips sued LIRR and UTU in this district. *Id.* ¶ 25. Mr. Phillips's case was assigned to Judge Joanna Seybert and Magistrate Judge Arlene Lindsay. *Ibid*.

For six years the litigation ground on. Two years in, Mr. Phillips dropped UTU from his third amended complaint. *See* Third Am. Compl., *Phillips v. Long Island Rail Rd. Co.*, No. 13-CV-7317 (JS) (ARL) (Dkt. #58) ("Third Am. Compl."). On March 4, 2019, Judge Lindsay recommended that LIRR be granted summary judgment on Mr. Phillips's claims. *See* Report & Recommendation, *id.* (Dkt. #132) ("R. & R."). Judge Seybert adopted that recommendation on March 25, 2019. *See* Electronic Order Adopting R. & R., *id.* (dated March 25, 2019) ("Electronic Order").

Mr. Phillips appealed. *See* Notice of Appeal, *id*. (Dkt. #138). Chief among his arguments was that Judge Seybert declined to grant him an extension of time to file objections to the R. & R. Compl. ¶ 31. The Second Circuit reviewed Mr. Phillips arguments, and "finding them to be without merit," affirmed the district court's judgment. Mandate of USCA 19-1089, at 3, *Phillips v. Long Island Rail Rd. Co.*, No. 13-cv-7317 (JS) (ARL) (Dkt. #140) ("USCA Mandate").

Mr. Phillips now sues LIRR, UTU, and EDNY for wrongful death under 42 U.S.C. § 1983. Compl. 2. Mr. Phillips's wife, Antares Wendler-Phillips, passed away on October 4, 2019, and Mr. Phillips attributes her death to the pain and suffering caused by LIRR's and UTU's alleged discrimination and by rulings in his suit against those defendants. *Id.* ¶ 32.

## STANDARD OF REVIEW

*Pro se* complaints are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court may dismiss an action *sua sponte* if it determines the action is frivolous—even

2

if the litigant has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).

Frivolous suits include those "based on an indisputably meritless legal theory," such as those where a "dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). Res judicata and collateral estoppel are dispositive defenses. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)); *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (same).

## DISCUSSION

I dismiss the lawsuit because the dispositive defenses of sovereign immunity, res judicata, and collateral estoppel are apparent on the face of the complaint.

### I. Sovereign Immunity Bars Suit Against EDNY

First, I dismiss Mr. Phillips's claims against the Eastern District of New York. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This prohibition is jurisdictional, *ibid.*, and it has not been waived for the courts of the United States. *See Pietrangelo v. U.S. Dist. Ct. Vt*, 223 F. App'x 20, 21 (2d Cir. 2007); *Hurt v. U.S. Dist. Ct. Judges*, 258 F. App'x 341, 341 (D.C. Cir. 2007); *Rutherford v. U.S. Dist. Ct.*, 425 F. App'x 400, 400 (5th Cir. 2011); *Alfriend v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 642 F. App'x 791, 791-92 (9th Cir. 2016). Therefore, I lack subject-matter jurisdiction over Mr. Phillips's claim against EDNY. It is dismissed.

### II. Res Judicata and Collateral Estoppel Bar the Claims Against LIRR and UTU

Plaintiff's claim against defendants LIRR and UTU is also dismissed. Res judicata blocks the claim against LIRR, and collateral estoppel bars the claim against UTU.

"A district court has not only the power but the obligation to dismiss complaints *sua sponte* on res judicata grounds when the litigation history triggers it." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 481 (E.D.N.Y. 2015) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)), *aff'd*, 639 F. App'x 38 (2d Cir. 2016). Mr. Phillips has already litigated his discrimination claims fully against LIRR. *See* Electronic Order. To be sure, Mr. Phillips alleges a new harm—the passing of his wife—but the courts have already determined that Mr. Phillips has not successfully alleged any violation of his or his wife's rights. *Ibid*. Mr. Phillips is not entitled to relitigate this issue against LIRR in a second lawsuit. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) ("[R]es judicata[] has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.").

Similarly, "a district court may raise . . . collateral estoppel *sua sponte*." *Caldwell*, 83 F. Supp. 3d at 481 (citing *Pfrommer*, 148 F.3d at 80). Collateral estoppel "bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action." *Griffin v. Sirva, Inc.*, 291 F. Supp. 3d 245, 251-52 (E.D.N.Y. 2018) (citing *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003)). This doctrine bars the suit against UTU. Whether Mr. Phillips experienced discrimination, harassment, or wrongful termination during his time at LIRR has already been adjudicated on the merits. *See* Electronic Order. Mr. Phillips now raises the same issues he raised in his prior lawsuit, based on the same nucleus of operative facts. *Compare, e.g.*, ¶ 5 (shoulder); ¶ 10 (cleaning assignments); ¶ 12 (parking write-up); ¶ 14 (bullying) *with* Third Am. Compl. ¶ 20 (shoulder); ¶ 32 (cleaning assignments); ¶¶ 36-38 (parking write-up); ¶ 45 (bullying) *and* R. & R. 25-29, 30-40 (evaluating whether the evidence before the court supported plaintiff's claims). The only

4

difference is that he has tacked UTU back on as a defendant, alleging its complicity in LIRR's actions. But a party may not "relitigat[e] identical issues by merely switching adversaries." *Parklane Hosiery Co.*, 439 U.S. at 329 (internal quotations omitted). Since Mr. Phillips has already fully litigated the harassment, discrimination, and wrongful termination allegations and lost, he may not raise them again simply by re-adding UTU. Accordingly, the claim is dismissed against UTU as well.

### III. Recusal Is Unwarranted

Before deciding the claims above, I considered *sua sponte* whether it would be appropriate to recuse myself based on the plaintiff's naming the Eastern District of New York as a defendant. I determined that it would not be. A judge must recuse herself if her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). But following the approach of numerous other courts, I conclude that my impartiality would not be reasonably questioned here. While this lawsuit names as a defendant the judicial district in which I sit, it does not pertain to any actions I have taken as a judge, and it is plainly barred by sovereign immunity. In a similar case, the Second Circuit found no abuse of discretion in a district court's decision not to recuse itself from a lawsuit naming his judicial district as a defendant, noting that "[t]h[e] case involve[d] routine questions" of law, including "sovereign immunity." *Pietrangelo*, 223 F. App'x at 21. Other judges in this circuit have likewise adjudicated sovereign-immunity-barred lawsuits against their districts. *See Rivera v. U.S. Dist. Ct. SDNY*, No. 21-CV-6056 (LTS), 2021 WL 3605037 (S.D.N.Y. July 26, 2021) (suit against Southern District of New York); *Praileau v. United States*, No. 18-CV-1196 (MAD) (DJS), 2019 WL 422528 (N.D.N.Y. Feb. 4, 2019) (suit against Northern District of New York).

This approach aligns with the guidance of the Committee on Codes of Conduct of the Judicial Conference of the United States in an analogous context. The committee has advised that

5

"[r]eview of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate." 2B Jud. Conf. of the U.S., Guide to Judiciary Policy § 220, No. 103.  While plaintiff has named the judicial district as a defendant rather than the particular judges who decided his case, his lawsuit similarly challenges the actions of other judges on this Court and is similarly barred by a clear immunity— that of sovereign immunity.  *Cf. Cuyler v. U.S. Dist. Ct.*, No. 11-CV-1225 (SDM), 2011 WL 5525935, at *3 (M.D. Fla. Nov. 14, 2011) (applying analysis in Advisory Opinion 103 in a lawsuit that purported to name the United States District Court as defendant).  Taking into account these sources of guidance, I conclude that my impartiality would not be reasonably called into question based on the naming of this judicial district as a defendant.

Moreover, "under the 'rule of necessity,' a judge is qualified to decide a case even if [she] has an interest in it when 'the case cannot be heard otherwise.'" *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999) (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)).  That rule applies, for instance, when a plaintiff "indiscriminate[ly]" sues "all of [the] federal district judges" in a judicial district.  *Zorn v. Vermont*, No. 11-CV-221 (JGM), 2011 WL 4748255, at *1 (D. Vt. Oct. 6, 2011); *see Heath v. Justs. of Sup. Ct.*, No. 13-CV-2419 (CBA), 2013 WL 2322863, at *1 (E.D.N.Y. May 24, 2013), *aff'd*, 550 F. App'x 64 (2d Cir. 2014); *accord Tapia-Ortiz*, 185 F.3d at 10.  If I did have a cognizable interest in the case because plaintiff has named the Eastern District of New York as a defendant, the rule of necessity would apply, because the purported ground for disqualification would apply equally to all judges in the district.  *Heath*, 2013 WL 2322863, at *1.

6

## CONCLUSION

Mr. Phillips's complaint is dismissed. Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). However, "leave to amend need not be granted when amendment would be futile." *Ibid.* Such is the case here, because the barriers to Mr. Phillips's complaint cannot be cured by "better pleading." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013). Accordingly, the action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court shall enter judgment closing the action.

SO ORDERED.

      */s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: December 16, 2021
      Brooklyn, New York