

**Melissa S. Woods**
Partner
o  212.356.0234
f  646.473.8234
Mwoods@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

July 10, 2023

<u>Via ECF</u>

Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6E
North Brooklyn, NY 11201

   Re: Phillips v. The Long Island Rail Road Company, et al.
     <u>Case No. 21-CV-5679 (NRM)(LB)</u>

Dear Judge Morrison:

  Pursuant to Rule 5.1 of your individual practice rules, prior to filing a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12, the undersigned submits the following regarding Defendant United Transportation Union[1] (now SMART-TD) Local 722's request for a pre-motion conference. Notably, Plaintiff has not yet served a copy of the Complaint nor the Amended Complaint on Local 722 or its counsel.[2] Nevertheless, as set forth more fully below, collateral estoppel bars Plaintiff's claim, any state law claim is preempted by the federal duty of fair representation and is time barred; and Local 722 owed no duty to Plaintiff's wife nor can Plaintiff show that the Union's actions led to his wife's death. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

---

[1] On December 1, 2011, UTU and the Sheet Metal Workers' International Association ("SMWIA") merged to become the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART"). The former UTU is now the Transportation Division of SMART ("SMART-TD").

[2] In addition, based upon the ECF docket, it appears Plaintiff was granted several extensions of time to file his amended complaint and still filed after the time had expired to do so timely.

9948795.1



July 10, 2023
Page 2

## **BACKGROUND**

In 2013, Plaintiff initially filed suit against Local 722 and his former employer, Long Island Rail Road ("LIRR"), alleging discrimination and failure to represent him regarding the same. See *Phillips v. Long Island Rail Rd. Co.*, CV 13-7317 (JS)(ARL), 2019 WL 1757176, *1 (E.D.N.Y. Mar. 4, 2019), *report and recommendation adopted*, 2:13-CV-07317, 2019 WL 1758079 (E.D.N.Y. Mar. 25, 2019), aff'd, 832 Fed. Appx. 99 (2d Cir. 2021) (unpublished) ("Phillips I"). He subsequently dropped Local 722 as a defendant to that suit and LIRR's motion for summary judgment was eventually granted against him. (Id. at *1). Plaintiff then appealed that decision to the Second Circuit, which affirmed. (Phillips I, 832 Fed. Appx. 99).

Despite that ruling, on October 4, 2021, Phillips filed a *pro se* complaint, alleging the same discrimination, harassment, and wrongful termination claims that were the basis for his 2013 lawsuit against LIRR and the Union. *See Phillips v. Long Island R.R., United Transportation Union, Local 722, and the Eastern District of New York,* No. 21-cv-5679 (E.D. NY) ("*Phillips II*") (ECF 1 at 5). Although Phillips now alleged that his wife passed away as a result of the named Defendants' conduct (*Id.* ¶ 32), he alleged the same facts against LIRR, that he was subjected to discrimination and harassment (*Id.* at ¶¶ 8-10, 12-15, 17-24), and that the Union failed to represent him regarding those alleged wrongs. (*Id.* at ¶¶ 11, 14, 16, 18, 22, 23, 25)*.* On December 16, 2021, before Local 722 had been served with Plaintiff's Complaint, this Court dismissed his cause of action *sua sponte*, holding that dismissal of the court as a party was proper based on the doctrine of sovereign immunity, dismissal of LIRR was proper based on *res judicata*, and dismissal of Local 722 was proper based on collateral estoppel. (ECF 9)*.* On January 18, 2021, Phillips appealed that decision. (ECF 10). By decision dated March 2, 2023, the Second Circuit affirmed the district court's order to the extent it dismissed the claims against the district court, but vacated and remanded the matter in part for further proceedings to allow Plaintiff notice of potential dismissal and the opportunity to be heard, *i.e.* in the form of an order to show cause. *Phillips v. Long Island R.R. Co.*, 22-123, 2023 WL 2317231, *1 (2d Cir. Mar. 2, 2023). The court found that in addition to providing Plaintiff the opportunity to amend his complaint to cure any deficiencies, "[s]uch notice would have also given Defendants an opportunity to raise additional arguments in favor of dismissal." *Id.*

By order dated March 7, 2023, this Court ordered Plaintiff to file any amended complaint on or before April 6, 2023. (ECF 13). On April 5, 2023, Plaintiff requested an extension of time in which to file his amended pleading. (ECF 16). Such was granted, with this Court ordering Plaintiff file his amended complaint on or before April 27, 2023. The Second Circuit's Mandate issued on April 24, 2023, and this Court then ordered Plaintiff to amend the complaint by May 25, 2023, and cautioned that "[i]f Plaintiff fails to amend the complaint by May 25, 2023, the Court shall recommend that Plaintiff's case should be dismissed." (ECF 17). On May 25, 2023, Plaintiff again requested an extension of time in which to file his amended complaint. (ECF 18). By order dated May 26, 2023, this Court granted Plaintiff's request, giving



him until June 25, 2023, to amend his complaint. Plaintiff eventually filed his Amended Complaint on June 26, 2023. (ECF 19). Notably, in addition to being untimely per the Court's Order, said pleading did not contain a certificate of service, nor was Local 722 served with the Amended Complaint.[3]

## BASIS FOR DEFENDANT LOCAL 722'S ANTICIPATED MOTION

Setting aside Plaintiff's failure to serve Local 722, his Amended Complaint should be dismissed with prejudice on several grounds. Indeed, this is the second lawsuit that Plaintiff has attempted to bring against Local 722, a union that he has not belonged to since his termination from LIRR over ten years ago. As this Court properly found when it initially disposed of his complaint *sua sponte*, his claims against Local 722 are barred by collateral estoppel, as the issue as to whether he was subject to discrimination and retaliation was decided against him by the Eastern District of New York and the Second Circuit in *Phillips I*. Even if Plaintiff's claim could survive the collateral estoppel challenge, Local 722 is not a proper party to this suit. *See e.g., Copeland v. Soo Line R.R. Co.*, No. 20 C 4451, 2021 WL 4061746, *8 (N.D. Ill. Sept. 7, 2021) (dismissing SMART-TD local union from member's lawsuit where local union was not a proper party as a matter of law). Further, his conclusory allegations fail to state a legally cognizable claim, are preempted and/or subsumed by the federal DFR, and are time barred. Indeed, even if Phillips had brought a state law wrongful death claim, under the factual allegations he has set forth in his Complaint, such would be completely preempted by the federal duty of fair representation. *See, e.g., Negron v. Oxford Airport Tech. Services*, No. 08-4326, 2009 WL 50158 (E.D. Pa. Jan. 7, 2009) (finding estate administrator's wrongful death and survival claims against union preempted by the federal Railway Labor Act where allegations in essence asserted breach of the duty of fair representation) (citing *United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 368-71 (1990) (finding state law wrongful death claims was not independent of the collective bargaining relationship and therefore preempted by federal labor law)). Finally, even if Plaintiff were afforded leave to amend for a third time, such would be futile where his claims have long been time barred. *Del Costello v. Teamsters,* 462 U.S. 151 (1983) (noting statute of limitations for a DFR suit is an intentionally short six months). Moreover, Plaintiff does not allege, nor does Local 722, owe his wife any duty, nor has he alleged, or could he allege, that Local 722's actions led to her death. Because any further amendment would be futile, his complaint should be dismissed with prejudice.

---

[3] Counsel for Local 722 became aware of the Amended Complaint when it received a copy of LIRR's Pre-Motion Conference Letter on June 29, 2023. (ECF 20).



July 10, 2023
Page 4

      Based on the foregoing, it does not appear that the pre-motion conference will be a useful expenditure of the parties' and court's time. Accordingly, Local 722 respectfully requests that the Court set a briefing schedule without a pre-motion conference.

                                    Respectfully submitted,

                                    /s/ Melissa S. Woods
                                  Melissa S. Woods
                                  Attorney for SMART-TD
                                  Local 722



**Melissa S. Woods**
**Partner**
o  212.356.0234
f  646.473.8234
Mwoods@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on July 10, 2023, via the Court's ECF filing system on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Melissa S. Woods